JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 8437 CEDROS AVE, LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JAYLIN BLANNON,<br><br>　　　　Defendant. | Case No. 2:23-cv-06481-SB-SSC<br><br><br>ORDER DENYING REQUEST TO PROCEED IN FORMA PAUPERIS AND REMANDING CASE |

　　　　Plaintiff 8437 Cedros Ave, LLC, filed a complaint for unlawful detainer in state court.  Dkt. No. 1 at 5 of 8.  Defendant Jaylin Blannon, proceeding pro se, removed the case to this Court, claiming that federal jurisdiction is proper under 28 U.S.C. § 1332.  Dkt. No. 1 at 2.  Conclusorily claiming that Plaintiff does not reside in this state and damages would exceed the amount-in-controversy requirement, Defendant invokes diversity jurisdiction.  *Id.*[1]

　　　　Defendant requests leave to proceed in forma pauperis (IFP).  Dkt. No. 3. The IFP statute directs federal courts to determine whether a petitioner's action is frivolous, malicious, or fails to state a claim.  28 U.S.C. § 1915(e)(2).  Accordingly, the Court reviewed the notice of removal and state court records to determine whether removal was proper.  Federal courts have an "independent obligation to determine whether subject-matter jurisdiction exists" and may sua sponte consider whether a defendant has properly removed a state court action. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *see also* OWB, REO, LLC v.

---

[1] The entire jurisdictional statement is limited to one sentence:  "Defendant's removal is pursuant to Rule 11 of Federal Rules of Civil Procedure and 28 USC Section [1]332 et seq., since Defendant alleges Plaintiff does not reside in this state and damages as a result of an unfair eviction will exceed amounts noted in 28 USC Section 1332."  Dkt. No. 1 at 2 (cleaned up).

*Negrete*, No. C 11-1377, 2011 WL 1667916, at *1 (N.D. Cal. May 3, 2011) (remanding unlawful detainer case upon review of IFP application because the complaint did not establish federal jurisdiction). Under 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts . . . have original jurisdiction." District courts have original jurisdiction over all civil actions "where the amount in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States." 28 U.S.C. § 1332.² The removal statute precludes removal "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). For purposes of diversity jurisdiction, an individual is a citizen of the state of their domicile, that is, where they live and intend to remain. *Lew v. Moss*, 797 F.2d 747, 749–50 (9th Cir. 1986).

      Defendant has not adequately identified the citizenship of both parties so as to establish that diversity is complete. Regardless, her assertion that the parties are diverse and that "Plaintiff does not reside in this state," asserts by implication that she is a citizen of this state. Dkt. No. 1 at 1, 2. Indeed, she is defending the unlawful detainer action to retain possession of her California residence and lists as her address a street in Panorama City, California. *Id.* at 5 of 8. Thus, the information in the removal papers supports the conclusion that she is a California citizen. Because the action was originally filed in California state court, and because Defendant is a citizen of California, section 1441(b)(2) bars removal.

---

² Defendant also references the federal question jurisdiction statute, 28 U.S.C. § 1331, in her civil cover sheet, but she expressly invokes only diversity jurisdiction in her moving papers. *Compare* Dkt. 1-1 at 1, *with* Dkt. 1 at 2. Even if federal question jurisdiction were invoked in the notice of removal, whether a claim "arises under" federal law must be determined by the complaint. *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 9 (1983). A defense that raises a federal question is irrelevant for purposes of federal question jurisdiction. *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). Here, Plaintiff's complaint asserts a single cause of action for unlawful detainer. Dkt. No. 1 at 5–8 of 8. Section 1331 therefore does not provide a basis for jurisdiction.

Defendant's IFP application is therefore **DENIED**, and the case is **REMANDED** to the Los Angeles County Superior Court.[3]

Date: August 24, 2023

_____
Stanley Blumenfeld, Jr.
United States District Judge

---

[3] Plaintiff also filed an ex parte application to remand. Dkt. No. 8. In light of the Court's conclusion based on its § 1915 screening, Plaintiff's ex parte application is denied as moot.